## CIRCUIT COURT OF LANCASTER COUNTY

John M. Townes, III, and
Meredith P. Townes

v.

Printess Cheryl Norman et al.

July 3, 1989

Case No. (Chancery) 57-1988

By JUDGE JOSEPH E. SPRUILL, JR.

On September 18, 1987, Printess C. Norman (herein called Norman) was appointed guardian of the person and estate of her father, James T. Boston, who was adjudged physically and mentally incapable of managing his estate.

In February, 1988, a suit was filed by the guardian to sell the real estate of Mr. Boston, his personal estate having become insufficient to meet his needs. On April 27, 1988, Norman signed a standard form contract of purchase purporting to convey 5.49 acres of land in Lancaster County, Virginia, owned by Mr. Boston, to John M. Townes and Meredith P. Townes (herein called Townes) for $26,000.00. The contract was signed by Norman as guardian and individually.

On June 21, 1988, James T. Boston died, before the proposed sale to Townes had been confirmed.

Three questions are presented in this proceeding.

(1) *What right, if any, does Townes now have pursuant to the purported contract of April 27, 1988?*

A guardian may not sell or encumber his ward's real estate without court approval. The guardian in this instance elected to bring a suit for the sale of land of a person under disability, which is a highly technical proceeding in which every requirement of the statutes must be strictly complied with if good title is to be passed. See Lamb, *A Virginia Cause,* page 4.

Section 8.01-72 of the Virginia Code provides that such a proceeding shall abate if the person under disability dies before court confirmation of the proposed sale.

Since Mr. Boston's death on June 21, 1988, came before the sale of his land was confirmed, the suit abated and the guardian's powers and authority over his estate ended. Consequently, the rights of Townes under the contract of April 27, 1988, were extinguished as of June 21, 1988.

Had court confirmation been obtained prior to Mr. Boston's death, even though the suit may not have been concluded, Townes would have had an enforceable interest in his contract. When, however, death precedes confirmation, the guardian's standing to transfer or encumber the ward's realty terminates.

Therefore, the Court concludes that upon the abatement of the suit for confirmation on June 21, 1988, Townes's equitable interest in the contract to acquire Mr. Boston's property terminated.

(2) *Does the contract of April 27, 1988, convey the undivided interest of Printess C. Norman, which she presumably inherited upon the death of her father on June 21, 1988?*

It does not appear from the contract itself that Printess C. Norman intended to agree to sell her undivided interest. Nor does it appear that Buyers had intended to acquire her undivided interest. Mr. Boston was then alive, and it would be logical to presume the parties intended that the contract undertake to convey his, and only his, interest in the property.

Because there has been no evidence to show what the intent was, however, and because the intent of the parties largely governs the interpretation of a contract,

the court will, upon request and if necessary, schedule an evidentiary hearing on this issue. Otherwise, the ruling will be that Norman's individual interest, if any, in the property, inherited upon her father's death, was not bargained for in the contract of April 27, 1988.

(3) *Are Townes entitled to restitution of funds expended, and/or to compensation for enhancement in value of the property attributable to their efforts, pursuant to their anticipated ownership thereof?*

Up until the moment of Mr. Boston's death, Townes had a legitimate expectancy that the contract would be confirmed. Upon the death of Mr. Boston, the contract, in practical terms, became void.

Counsel have not addressed this particular issue in their briefs, but the court is of the opinion that where money has been paid or services have been rendered by one party pursuant to a contract which is avoided by the other party, there can be recovery upon an implied assumpsit. It would appear that an evidentiary hearing is necessary to determine the exact nature and amounts of Townes's expenditures, and the circumstances thereof, as well as the question of enhancement in value of the property, and the reasons therefor, if counsel wishes to pursue this issue. Further, should it be determined that Townes is in fact entitled to reimbursement or restitution, the priority of his resulting lien will need to be addressed.